**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-50164-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Ulices Fabian Preciado, | |
| Defendant. | |

Before the Court is the Defendant's *pro se* Motion for Early Termination of Probation[1]. (Doc 2). The Government has filed a Response in opposition. (Doc. 5). The U.S. Probation Office has informed the Court, in a sealed Memorandum, of its position. For the reasons stated herein, the Court denies the Defendant's Motion.

Title 18 U.S.C. § 3583(e)(1) gives a district court discretion in determining whether or not to grant a motion to terminate supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In so doing, the Court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id.* However, as the Government points out, an additional consideration are the provisions contained in the Defendant's Plea Agreement. (Doc. 5-1). In his plea agreement, the Defendant agrees that he "will not seek to reduce or terminate early the term of supervised release until [he] has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments." (*Id*. at 11; para. H).

---

[1] The Defendant is not on a term of Probation, rather, he is serving a post-custody supervised release term. Therefore, the Court will refer to it as such.

The Court is aware that the Defendant has so far been overall compliant with his supervised release terms by maintaining stable employment, he is in compliance with drug testing and he has paid his special assessment fee. However, he has only served just over one year of his agreed upon supervised release term. Importantly, the Defendant negotiated the terms of his plea agreement and agreed to be bound by his agreement if the sentence he received complied with it. He received the benefit of his plea agreement and therefore is bound by its terms. Thus, as his motion is premature, the Court will deny it.

Accordingly,

**IT IS ORDERED** denying Defendant's Motion to Terminate Supervised Release (Doc. 2).

Dated this 21st day of November, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge